## UNITED STATES DISTRICT COURT
## FOR THEMIDDLE DISTRICT OF PENNSYLVANIA

VERNON BRADLEY,         :
                           :
      Plaintiff           :
                           :       No. 1:16-CV-00962
vs.                   :
                           :       (Judge Rambo)
JOSHUA SPELAS, et al.,      :
                           :
      Defendants      :

## MEMORANDUM

On May 23, 2016, pro se Plaintiff Vernon Bradley, an inmate currently incarcerated at the State Correctional Institution at Fayette, Labelle, Pennsylvania ("SCI-Fayette"), filed a complaint pursuant to 442 U.S.C. § 1983 against the following seven correctional officers employed at SCI-Rockview: Joshua Spelas, Michael Rains, Cheadan Rogers, C.O. Rothrock, Sgt. Heath, C.O. Heverly and Lt. Lowry.  (Doc. No. 1.)  Plaintiff claims, inter alia, that he was subjected to cruel and unusual punishment and deliberate indifference in violation of his Eighth Amendment by the correctional officers.  (Id.)  Plaintiff claims that he was thrown down a flight of fourteen steps by correctional officer Rothrock acting in concert with the other correctional officers in retaliation for throwing urine on Correctional Officer Spelas.  Plaintiff admits that he threw urine on Correctional Officer Spelas.

On November 9, 2016, Defendants filed a motion to dismiss for failure to state a claim, or in the alternative, for summary judgment along with a brief in

support, exhibits, and a statement of facts.  (Doc. Nos. 25, 26, 27, and 29.)  On

January 20, 2017, Plaintiff filed a brief in opposition.[1]  (Doc. No. 30.)  The matter

having been fully briefed, is ripe for disposition.

## I.     Factual Background

On October 10, 2015, while working in the Restricted Housing Unit

("RHU"), C.O. Spelas had urine thrown on him by Plaintiff after an argument

between the two broke out.  (Doc. No. 26 at 2, Def's Statement of Facts; Doc. No.

1. at ¶ 17, Am. Compl.)  C.O Rains and C.O. Rogers who were also working in the

RHU on that day, witnessed Plaintiff throw urine on C.O. Spelas.  (Id. at 2 and 3.)

C.O. Rothrock, Sgt. Heath, and Lt. Lowry then came to Plaintiff's cell when

Plaintiff alleges that Lt. Lowry told C.O. Rothrock to "make sure you get him."

(Doc. No. 26 at 4; Doc. No. 1 at ¶ 20.)  Plaintiff was handcuffed behind his back

and C.O. Rothrock, by himself, escorted Plaintiff to a Psychiatric Observation Cell

("POC").  (Doc. No. 26 at 3 and 4; Doc. No. 1 at ¶¶ 19, 21, and 22.)

---

[1] Middle District of Pennsylvania Local Rules of Court provide that in addition to filing a brief in
response to the moving party's brief in support, "[t]he papers opposing a motion for summary
judgment shall include a separate, short and concise statement of material facts responding to the
numbered paragraphs set forth in the statement [of material facts filed by the moving party] ..., as
to which it is contended that there exists a genuine issue to be tried." See M.D. Pa. LR 56. 1. The
rule further states that the statement of material facts required to be served by the moving party
will be deemed to be admitted unless controverted by the statement required to be served by the
opposing party. See id. Because Plaintiff has failed to file a separate statement of material facts
controverting the statement filed by Defendants, all material facts set forth in Defendants'
statement (Doc. No. 29) will be deemed admitted.

Plaintiff alleges that while being escorted to the POC by C.O. Rothrock, who was holding a tether attached to Plaintiff's handcuffs, C.O. Rothrock threw Plaintiff down a flight of fourteen steps and "actually rode down the flight of steps while on the Plaintiff's back." (Doc. No. 26 at 3; Doc. No. 1 at ¶¶ 22 and 23.) Plaintiff also alleges that C.O. Rothrock made false claims that "Plaintiff made 'several threats to spit and kill' him" and that C.O. Rothrock, Sgt. Heath, and Lt. Lowry "claimed (falsely) that the Plaintiff 'had propelled himself down the stairwell, taking [C.O. Rothrock] with him.' " (Doc. No. 26 at 4 and 5; Doc. No. 1 at ¶ 31.) Finally, as to this alleged incident, Plaintiff claims that Sgt. Heath and Lt. Lowry knew that C.O. Rothrock was going to assault Plaintiff and did nothing to stop it. (Doc. No. 26 at 5; Doc. No. 1 at ¶ 33-34.)

In response to this incident, Plaintiff submitted Grievance No. 594705 wherein he alleged excessive force by C.O. Rothrock when he was "pushed down the stairs" while being escorted to the POC. (Doc. 27-1 at 50.) Upon Initial Review, the grievance was denied as unsubstantiated. (Id. at 54.) Plaintiff appealed this grievance to the Facility Manager which denied his appeal. (Id. at 58.) Plaintiff exhausted this grievance when he appealed to the Secretary's Office of Inmate Grievances & Appeals ("SOIGA") which upheld the denial of this grievance. (Doc. 27-2 at 9.)

Next, Plaintiff alleges that between November 2 and November 6, 2015, C.O. Rains denied Plaintiff access to the exercise yard and showers. (Doc. No. 26 at 3; Doc. No. 1 at ¶ 51.). In response, Plaintiff filed Grievance No. 598088 alleging he was denied access to the yard and showers. (Doc. No. 27-1 at 60.) This grievance was denied on Initial Review. (Id. at 62.) Plaintiff did not appeal this grievance to the Facility Manager. (Doc. No. 27-1 at ¶ 25, Paul Decl.)

Plaintiff also alleges that on November 2 and 6, 2015, C.O. Rains along with C.O. Spelas banged on the property room gate directly in front of Plaintiff's cell and on November 13, 2015, again banged on the property room gate along with C.O. Rogers. (Doc. No. 26 at 2; Doc. No. 1 at ¶¶46 and 48.) Additionally, on November 12 and 13, 2015, Plaintiff alleges that C.O. Rains told C.O. Spelas that Plaintiff was mentally unstable and an "idiot" and a "nigger." (Doc. No. 26 at 2; Doc. No. 1 at ¶¶ 47 and 48.) With regard to C.O. Rains and C.O. Spelas, Plaintiff also alleges that they served him a meal tray containing tobacco chew that they had placed on the tray. (Doc. No. 26 at 2; Doc. No. 1 at ¶ 50.)

It appears that Plaintiff filed Grievance No. 597964 and complained that he "found something [chew] in [his] barbecue beef, and C.O. Spelas and C.O. Rains delivered [the] trays." (Doc. No. 27-1 at 64.) This grievance was rejected for failure to comply with the requirements of DC-ADM 804. (Id. at 66.) Plaintiff then resubmitted this grievance (Id. at 68), which was denied on Initial Review.

(Id. at 70.)  Plaintiff did not appeal this grievance to the Facility Manager.  (Doc. No. 27-1 at 7, ¶ 30, Paul Decl.)

Plaintiff also filed Grievance No. 597962, alleging that from November 2 through November 6, 2015, C.O. Rains banged on the property room gate to retaliate against him and that he also talked about Plaintiff to C.O. Spelas.  (Doc. No. 27-1 at 72.)  He further provided that C.O. Rogers and C.O. Spelas also banged on the property room gate in front of his cell on November 13, 2015.  (Id. at 73.)  On Initial Review, Plaintiff's grievance was denied.  (Id. at 75.)  Plaintiff appealed this grievance to the Facility Manager (Id. at 77), which denied his appeal.  (Id. at 79.)  Plaintiff then sent documents related to Grievance No. 597962 to SOIGA, but did not file anything labeled as a Final Appeal.  (Doc. No. 27-2 at 11.)  As a result, SOIGA acknowledged receipt of the documents but advised Plaintiff that he had not submitted a Final Appeal.  (Id.)  Plaintiff subsequently submitted his final appeal to SOIGA.  (Id. at 13.)  SOIGA issued a Final Appeal decision denying his grievance.  (Id. at 15.)

Finally, Plaintiff alleges that on January 6, 2016, C.O. Rothrock called Plaintiff a "faggot," told him to "suck his dick," and stated "[d]o you want to take a walk on the steps again[.]" (Doc. No. 26 at 4; Doc. No. 1 at ¶¶ 53 and 54).  Plaintiff also alleges that on January 7, 2016, C.O. Rothrock along with C.O.

Heverly called Plaintiff a "rat" (Doc. No. 26 at 4; Doc. No. 1 at ¶ 54), and C.O. Heverly additional told Plaintiff that he would give him "a buck-fifty."[2] (Id.)

Plaintiff filed Grievance No. 605816 alleging the above name-calling and threats. (Doc. 27-1 at 81.) However, in this grievance, Plaintiff alleges that it was C.O. Wasson (a correctional officer not named in this instant complaint) that stated he would give Plaintiff a "buck-fifty." (Id.) On Initial Review, this grievance was denied as being unsubstantiated. (Id. at 87.) Plaintiff appealed to the Facility Manager, but left out allegations related to C.O. Wasson's alleged threats. (Id. at 89.) The Facility Manager denied this appeal providing that Plaintiff "continues to file false allegations, all of which have been investigated and deemed to have no merit." (Id. at 91.) Plaintiff then appealed to the SOIGA wherein he asserts that he incorrectly put C.O. Wasson as the officer that threatened him and it should have been C.O. Heverly [sic]. (Doc. No. 27-2 at 17.) Plaintiff reasserted his allegations as to C.O. Rothrock. (Id.) SOIGA upheld the decisions of the Facility Manager and Grievance Officer and denied Plaintiff's Grievance No. 605816. (Id. at 19.)

Plaintiff's final grievance, Grievance No. 606591 again alleges that C.O. Rothrock antagonized him by calling him a "rat," and then threatened him saying "he would throw him down the steps again if he had the chance." (Doc. No. 27-1

---

[2] While neither party identifies what is meant by the term "a buck-fifty," it appears that it is a phrase that means 150 stitches across ones face. See United States v. Rivera, No. 13-CR-149, 2015 WL 7455504, at *14 (E.D. N.Y. Nov. 23, 2015).

at 93.)  On Initial Review, the grievance was denied as being unsubstantiated.  (Id.

at 99.)  Plaintiff appealed to the Facility Manager and the Facility Manager denied

the appeal.  (Id. at 103.)  Plaintiff then appealed this grievance to the SOIGA.

(Doc. No. 27-2 at 21).  SOIGA, in a Final Appeal Decision, upheld the Facility

Manager, and Grievance Officer and denied the appeal.  (Id. at 23.)

## II.    Standard of Review

Defendants have filed a motion to dismiss, or in the alternative, for summary

judgment.  "When a motion to dismiss is converted into a motion for summary

judgment the parties must be given notice of the conversion and an opportunity to

present material to the court."  Latham v. U.S., 306 F. App'x 716, 718 (3d Cir.

2009); see also Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989).  The United

States Court of Appeals for the Third Circuit has held that filing a motion to

dismiss, or in the alternative, a motion for summary judgment is sufficient "to

place the parties on notice that summary judgment might be entered."  Hilfirty v.

Shipman, 91 F.3d 573, 578-79 (3d Cir. 1996).[3]

Summary judgment is appropriate when "the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show

---

[3] The Court will not exclude the evidentiary materials accompanying Defendants' motion
because Plaintiff also has been given a reasonable opportunity to present material relevant the
Motion.  (See Doc. No. 28) (November 30, 2016 Order advising Plaintiff that because
Defendants style their Motion as a motion to dismiss, or in the alternative, for summary
judgment, Plaintiff must oppose the motion as required by M.D. Pa. L.R. 56.1).  Accordingly, the
Court will treat Defendants' motion as a motion seeking summary judgment.

that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence with which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing Anderson, 477 U.S. at 248). A factual dispute is "material" if it might affect the outcome of the case. Anderson, 477 U.S. at 248. In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the non-moving party. Skerski v. Time Warner Cable Co., 257 F.3d 273, 278 (3d Cir. 2001); White v. Westinghouse Elec, Co., 862 F.2d 56, 59 (3d Cir. 1988).

A party seeking summary judgment always bears the initial burden of informing the court of the basis of its motion and identifying those portions of the record that it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The non-moving party then has the burden to "come forth with 'affirmative evidence, beyond the allegations of the pleadings,' in support of its right to relief." U.S. Bank, Nat'l Ass'n v. Greenfield, Civ. Action No. 1:12-CV-2125, 2014 WL 3908127, *2 (M.D. Pa. Aug. 11, 2014) (quoting Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004)). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may

grant summary judgment or consider the fact undisputed for purposes of the motion.  Fed. R. Civ. P. 56(e)(2-3).

## III.    Discussion

Defendants set forth two arguments in their instant motion: (1) portions of the amended complaint should be dismissed where Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA") and (2) all claims of verbal abuse should be dismissed.  (Doc. No. 26 at 15.)

### A. Exhaustion of Grievance System

First, it is well settled law that Prisoners do not have a constitutional right to an effective prison grievance process.  Speight v. Sims, 283 F. App'x 880 (3d Cir. 2008).  Further, "access to a grievance procedure is not a constitutional right." Romero v. Johnson, 2015 WL 1285885, at *4 (M.D. Pa. March 20, 2015); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (the "existence of a prison grievance procedure confers no liberty interest on a prisoner").

Additionally, a prisoner must exhaust all "available" administrative remedies prior to initiating a § 1983 action.  42 U.S.C. § 1997(e).  Exhaustion must be done properly, meaning an inmate must follow procedural rules, including deadlines, so the merits of the grievance are considered.  See Woodford v. Ngo, 548 U.S. 81, 90 (2006).  Failure to exhaust is an affirmative defense that must be pled by the

defendant. <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007). "In a motion for summary judgment, where the movants have the burden of proof at trial, 'they [have] the burden of supporting their motion for summary judgment with credible evidence . . . that would entitle [them] to a directed verdict if not controverted at trial.' " <u>Foster v. Morris</u>, 208 F. App'x 174, 179 (3d Cir. 2006) (quoting <u>In re Bressman</u>, 327 F.3d 229, 237 (3d Cir. 2003) (internal quotations omitted)). If "the motion does not establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented." <u>Id</u>. (quoting <u>Nat'l State Bank v. Fed. Reserve Bank of N.Y.</u>, 979 F.2d 1579, 1582 (3d Cir. 1992) (internal quotations omitted)).

### i.      C.O. Spelas

Defendants first argue that the claims against C.O. Spelas - that on November 13, 2015, he banged on the property room gate in front of Plaintiff's cell (Grievance No. 597962) and that he placed tobacco chew in Plaintiff's meal tray (Grievance No. 597964) - should be dismissed because Plaintiff has failed to exhaust his administrative remedies with respect to these two grievances.

With regard to Grievance No. 597962, while Defendants aver in the body of their brief that Plaintiff has not exhausted his administrative remedies as to this grievance, Defendants provide in their very same brief at pages 10 and 11, that Plaintiff has "properly exhausted his administrative remedies with respect to …

Grievance No. 597962." (Doc. No. 26 at 11.) The exhaustion of this grievance appears to be further confirmed by the Declaration of Dorina Varner, an Administrative Officer for SOIGA who receives and processes inmate grievance appeals, and provides that Plaintiff was provided with a Final Review Decision for Grievance No. 597962 on March 15, 2016. (Doc. 27-2 at 4, ¶ 15.) Accordingly, as the record before the Court indicates that Plaintiff has successfully exhausted his administrative remedies as to Grievance No. 597962, Defendants' motion will be denied based upon the argument of failure to exhaust. However, as set forth infra, this claim will be dismissed for failure to state a claim upon which relief can be granted pursuant to the screening provisions of the PLRA.

With regard to the second claim asserted against C.O. Spelas set forth in Grievance No. 597964, Defendants again argue that Plaintiff has failed to exhaust his administrative remedies. In support of this argument, Defendants attach to their brief the initial grievance that was rejected for failure to comply with the requirements of DC-ADM 804 and the resubmitted grievance which was denied at the Initial Review. (Doc. No. 27-1 at 64, 66, 68, and 70.) Defendants further provide that Plaintiff did not appeal this grievance to the Facility Manager and accordingly, failed to exhaust this claim. (Id. at 7, ¶ 30.) In support of this assertion, Defendants attach the Declaration of Nicki Paul, the Assistant to the Superintendent at SCI-Rockview, whose duties include acting as the Facility

Grievance Coordinator and who also has access to the DOC's Automated Inmate Grievance Tracking System. (Id. at 2.) In that Declaration, Nicki Paul provides that Plaintiff did not appeal Grievance No. 597964 to the Facility Manager. (Id. at 7, ¶ 30.)

Plaintiff does not "come forth with 'affirmative evidence, beyond the allegations of the pleadings,' " that refutes the defense that he has failed to properly exhaust this claim. See Greenfield, 2014 WL 3908127, at *2 (quoting Pappas, 331 F. Supp. 2d at 315)). Accordingly, the second claim asserted against C.O. Spelas that he placed tobacco chew in Plaintiff's meal tray will be dismissed for failure to exhaust.

### ii. C.O. Rains

C.O. Rains is implicated in three grievances filed by Plaintiff. The first is Grievance No. 597962 wherein Plaintiff alleges that C.O. Rains banged on the property room gate in front of his cell to retaliate against him. Defendants make the same failure to exhaust argument as set forth above, but again, within Defendants' own brief and exhibits, provide contrary evidence that this grievance was indeed exhausted. Accordingly, for the same reasons set forth above, Defendants' motion will be denied as to this claim. However, as set forth infra, this claim will be dismissed for failure to state a claim upon which relief can be granted pursuant to the screening provisions of the PLRA.

The second grievance C.O. Rains is implicated in is Grievance No. 597964. In the complaint, Plaintiff alleges that C.O. Rains told C.O. Spelas that Plaintiff was mentally unstable, an "idiot," and a "nigger." (Doc. No. 1 at ¶¶ 47 and 48.) Plaintiff also alleges that C.O. Rains placed tobacco chew in Plaintiff's meal tray. (Id. at ¶ 50.) Defendants argue that in Grievance No. 597964, Plaintiff never grieved about C.O. Rains calling him an "idiot" or a "nigger" and therefore, because he failed to file a grievance regarding these statements, he has not exhausted his administrative remedies. Defendants further contend that Plaintiff failed to exhaust his administrative remedies with respect to Grievance No. 597964 and therefore, any claims arising out of this grievance should be dismissed.

Because the Court has already found that Grievance No. 597964 was not properly exhausted and Plaintiff has failed to provide any evidence to the contrary, the claims against C.O. Rains that he called Plaintiff an "idiot" and a "nigger" and that he placed chewing tobacco in Plaintiff's meal tray, will be dismissed against C.O. Rains.[4]

The final claim asserted against C.O. Rains involves Grievance No. 598088 wherein Plaintiff alleges that C.O. Rains denied him access to the exercise yards and showers. Defendants argue that Plaintiff has failed to exhaust his administrative remedies with respect to this grievance. In support, Defendants

---

[4] The verbal abuse allegations will be further addressed infra.

attach to their brief the denial of this grievance at the Initial Review. (Doc. No. 27-1 at 62.) Defendants further provide that Plaintiff did not appeal this grievance to the Facility Manager and accordingly, failed to exhaust this claim. (Id. at 7, ¶ 25.) In support of this assertion, Defendants attach the Declaration of Nicki Paul, wherein she provides that Plaintiff did not appeal Grievance No. 598088 to the Facility Manager. (Id. at 7, ¶ 25.)

Plaintiff does not "come forth with 'affirmative evidence, beyond the allegations of the pleadings,' " that refutes the defense that he has failed to properly exhaust this claim. See Greenfield, 2014 WL 3908127, at *2 (quoting Pappas, 331 F. Supp. 2d at 315)). Accordingly, the claim that C.O. Rains denied Plaintiff access to the exercise yard and showers will be dismissed for failure to exhaust.

### iii.    C.O. Rogers

Plaintiff raises two allegations against C.O. Rogers (1) that he called Plaintiff a "nigger" and (2) that he banged on the property room gate in front of Plaintiff's cell. Plaintiff did not include C.O. Roger's comments in any grievance filed but did file Grievance No. 597962 wherein he sets forth C.O. Roger's conduct in banging on the property room gate. For the same reasons set forth above, Defendants' motion will be denied as to the claim against C.O. Roger's banging on

the property room gate.[5]  Moreover, for the reasons set forth <u>infra</u>, Defendants

motion will be granted as to the verbal abuse claim asserted against C.O. Rogers.


### iv.    C.O. Rothrock[6], Sgt. Heath, and Lt. Lowry

Grievance No. 594705 implicates C.O. Rothrock, Sgt. Heath, and Lt. Lowry.

In the grievance, Plaintiff alleges that C.O. Rothrock pushed him down the stairs

while his hands were handcuffed behind his back.  While Plaintiff also names Sgt.

Heath and Lt. Lowry in this grievance, he only provides that they were initially

present at his cell after Plaintiff threw urine on C.O. Spelas.  The grievance does

not provide any allegations against Sgt. Heath and Lt. Lowry.

However, in the complaint, Plaintiff avers that Lt. Lowry told C.O. Rothrock

to "make sure you get him," (Doc. No. 1 at ¶ 20), and that Sgt. Heath and Lt.

Lowry "claimed (falsely) that the Plaintiff 'had propelled himself down the

stairwell, taking [C.O. Rothrock] with him,' " (<u>Id</u>. at ¶ 31), and finally, that Sgt.

Heath and Lt. Lowry knew that C.O. Rothrock was going to assault Plaintiff but

did nothing to stop it.  (<u>Id</u>. at ¶¶ 33-34.)

---

[5] However, as set forth <u>infra</u>, this claim will be dismissed for failure to state a claim upon which relief can be granted pursuant to the screening provisions of the PLRA

[6] C.O. Rothrock is also implicated in Grievance Nos. 605816 and 606591.  While Defendants admit that these grievances have been administratively exhausted, they argue that these claims merely set forth verbal abuse and are not cognizable claims under § 1983.  The Court agrees and will address all allegations of verbal abuse <u>infra</u>.

Defendants do not contest that Plaintiff has administratively exhausted this grievance.  However, they argue that Sgt. Heath and Lt. Lowry should be dismissed because Plaintiff failed to assert these alleged claims in any grievance and has thus failed to exhaust his administrative remedy.  Additionally, Defendants argue that any claim against C.O. Rothrock other than the claim of his pushing Plaintiff down the stairs as set forth in this grievance, should be dismissed for failing to exhaust his administrative remedy.

We agree with Defendants.  DC-ADM 804 provides that a grievance must include a statement of the facts relevant to the claim and must identify individuals directly involved in the event(s).  Because Plaintiff has failed to set forth the claims in his grievance that he now attempts to bring against Sgt. Heath and Lt. Lowry, he has not exhausted his administrative remedies and Sgt. Heath and Lt. Lowry will be dismissed from this action.[7]  With regard to C.O. Rothrock, the only surviving claim as it relates to this grievance is the allegation that C.O. Rothrock threw

---

[7] Furthermore, "[c]ivil rights claims cannot be premised on a theory of respondeat superior.  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim."  Millbrook v. United States, 8 F. Supp. 3d 601, 614 (M.D. Pa. 2014).  Indeed, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (addressing § 1983 claim).  Because Plaintiff has failed to allege any facts which would demonstrate a plausible basis to infer personal involvement on the part of Sgt. Heath or Lt. Lowry, they will be dismissed.

Plaintiff down a flight of steps.  Accordingly, Defendants' motion will be granted as to this count.

### v.    C.O. Heverly

The only grievance relevant C.O. Heverly is Grievance No. 605816 and Plaintiff has exhausted his administrative remedies as to this grievance. Defendants argue that while Plaintiff has exhausted this grievance, the initial grievance alleged that C.O. Wasson, not C.O Heverly made the statements to Plaintiff that he is a "rat" and would give him "a buck-fifty."  As such, Defendants argue that Plaintiff has failed to comply with DC-ADM 804 which requires an inmate to identify individuals directly involved in the event(s) in his grievance because C.O. Heverly was not named in the initial grievance.  While we agree with Defendants contention that Plaintiff has failed to name C.O. Heverly as the individual who made these alleged statements in this grievance, as set forth more fully below, C.O. Heverly will be dismissed from this action because these allegations of mere verbal abuse do not set forth a cognizable action under § 1983.

### B.  Claims of Verbal Abuse

Plaintiff sets forth several claims over verbal abuse against a number of the defendants.  Specifically, Plaintiff alleges that C.O. Spelas and C.O. Rains called him unstable, an "idiot," and a "nigger";  C.O. Rogers called him a "nigger"; C.O. Rothrock called him a "faggot," told him to "suck his dick," asked him if he would

like to "take a walk on the steps again," and called him a "rat"; and C.O. Heverly called him a "rat" and told him he would give Plaintiff "a buck-fifty."

It has been recognized that the use of words generally cannot constitute an assault actionable under § 1983. <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 n. 7 (2d Cir.); <u>Maclean v. Secor</u>, 876 F.Supp. 695, 698-99 (E.D.Pa.1995); <u>Murray v. Woodburn</u>, 809 F.Supp. 383, 384 (E.D.Pa.1993) ("Mean harassment ... is insufficient to state a constitutional deprivation."); <u>Prisoners' Legal Ass'n v. Roberson</u>, 822 F.Supp. 185, 189 (D.N.J.1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983."); and <u>Jones v. Superintendent</u>, 370 F.Supp. 488, 491 (W.D.Va.1974).

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. <u>Fisher v. Woodson</u>, 373 F.Supp. 970, 973 (E.D.Va.1973); <u>see</u> <u>also</u> <u>Balliet v. Whitmire</u>, 626 F.Supp. 219, 228-29 (M.D.Pa.) ("[v]erbal abuse is not a civil rights violation ..."), <u>aff'd</u>, 800 F.2d 1130 (3d Cir.1986). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, <u>see</u> <u>Prisoners' Legal Ass'n</u>, 822 F.Supp. at 189, or under the Fifth Amendment's substantive due process clause. <u>See</u> <u>Pittsley v. Warish</u>, 927 F.2d 3, 7 (1st Cir.1991); <u>Lindsey v. O'Connor</u>, No. 4:CV-08-1683, 2008 WL 4722617, at *4 (M.D. Pa. Oct. 23, 2008), <u>aff'd,</u> 327 F. App'x 319 (3d Cir. 2009).

However, verbal harassment or threats, with some reinforcing act accompanying them may state a constitutional claim, as, for example, a case where some action was taken by a defendant that escalated beyond mere words. See Northington v. Jackson, 973 F.2d 1518 (10th Cir.1992) (a correctional officer placed a revolver to an inmate's head a threatened to shoot); Douglas v. Marino, 684 F.Supp. 395 (D.N.J.1988) (involving prison employee who threatened an inmate with a knife.).

There is no indication, let alone allegations, that any of the verbal abuse or threats were accompanied by a reinforcing act, for instance, a deadly weapon as contemplated under Northington or Douglas. Accordingly, Plaintiff's allegations of verbal harassment by C.O. Spelas, C.O. Rains, C.O. Rogers, C.O. Rothrock, and C.O. Heverly do not rise to the level of a viable civil rights claim. Therefore, all verbal harassment claims set forth against these defendants will be dismissed.

## C. Claims of "Banging on Property Room Gate"

The Court next addresses the claims asserted against C.O. Spelas, C.O. Rains, and C.O. Rogers that they banged on the property room gate outside of Plaintiff's cell. These claims, contained in Grievance No. 597962, were administratively exhausted through the grievance system. However, while Defendants do not address these claims substantively in their motion to dismiss, or

in the alternative, for summary judgment, given that Plaintiff was granted in forma pauperis status to pursue this suit, the screening provisions of 28 U.S.C. § 1915(e) apply.

The Court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Foye v. Wexford Health Sources, Inc., No. 3:14-CV-2478, 2016 WL 1296182, at *2 (M.D. Pa. March 30, 2016); Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the Court may nonetheless sua sponte rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See id.; Dare v. U.S., No. 06-115, 2007 WL 1811198 (W.D. Pa. June 21, 2007), aff'd, 264 F. App'x 183 (3d Cir. 2008).

In essence, Plaintiff attempts to assert that C.O. Spelas, C.O. Rains, and C.O. Rogers violated his Eighth Amendment right to be free form cruel and unusual punishment when they banged on the property room gate outside of Plaintiff's cell. These allegations, however, are not "sufficiently serious" to form the basis of an Eighth Amendment violation. See Wilson v. Seiter, 501 U.S. 294, 298 (1991) ("[O]nly those deprivations denying the minimal civilized measure of life's

necessities are sufficiently grave to form the basis of an Eighth Amendment violation." (citation and internal quotation marks omitted); French v. Snake River Corr. Inst., No. 1:11-CV-01259, 2013 WL 4084740, at *2 (D. Or. Aug. 12, 2013) (stating that a guard's activation of a loud, in cell call button to harass plaintiff does not rise to the level of an Eight Amendment violation).

Accordingly, Plaintiff's Eight Amendment claims against Defendants C.O. Spelas, C.O. Rains, and C.O. Rogers will be dismissed for failure to state a claim.

### D. Remaining Claims and Defendants

For the reasons set forth above, Sgt. Heath, Lt. Lowery and C.O. Heverly will be dismissed from this action. Plaintiff's Eighth Amendment claim against C.O. Spelas, C.O. Rains, and C.O. Rogers that they banged on the property room gate outside of Plaintiff's cell will be dismissed for failure to state a claim. Therefore, the only surviving claim and Defendant in this action is the claim asserted against C.O. Rothrock that he pushed Plaintiff down the stairs.

## IV.    Conclusion

For the reasons set forth above, Defendants motion to dismiss, or in the alternative, for summary judgment is granted in part and denied in part.  An appropriate order follows.

          s/Sylvia H. Rambo
         SYLVIA H. RAMBO
         United States District Judge

Dated: June 28, 2017